UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL CURTIS SANDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:17-cv-0605-KJN<br><br><br><br>ORDER |

Plaintiff Darrell Sanders seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 15, 20.) Plaintiff also filed a reply brief. (ECF No. 21.) For the reasons discussed below, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS the action for further administrative proceedings.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 8.)

1

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

In this case, plaintiff does not challenge the ALJ's evaluation of the medical evidence, assessment of plaintiff's credibility, or formulation of plaintiff's residual functional capacity ("RFC").[2] Instead, plaintiff contends that the ALJ failed to discharge his burden at step five of the sequential disability analysis[3] to show that plaintiff could perform other work in the national

---

[2] In plaintiff's opening brief, plaintiff potentially appeared to suggest, as part of plaintiff's argument concerning the preclusion of competitive work at step five discussed below, that the ALJ improperly evaluated plaintiff's subjective testimony and the opinion of consultative examining psychologist Dr. Deborah Lacy. However, in plaintiff's reply brief, plaintiff disavowed those arguments, stating: "The Commissioner argues that the ALJ properly evaluated [plaintiff's] subjective testimony and Dr. Lacy's opinion; however [plaintiff] accepts the findings of the ALJ and takes issue with the ALJ's preclusion of 'competitive environments'...." (ECF No. 21 at 4.) Moreover, even if plaintiff had raised those arguments, they are unpersuasive for the reasons articulated by the ALJ. (See AT 21-22 [discussing specific, clear, and convincing reasons for discounting plaintiff's credibility, including the medical evidence; inconsistent information about activities of daily living, education, and reasons plaintiff stopped working; conservative and limited treatment; work history; appearance and demeanor at the hearing; and evidence of exaggeration], AT 22-24 [discussing specific and legitimate reasons for discounting portions of Dr. Lacy's opinion, including heavy reliance on plaintiff's properly discounted subjective allegations; inconsistency with plaintiff's daily activities; and inconsistency with Dr. Lacy's own clinical findings].)

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable

economy, because the ALJ's RFC assessment plausibly suggests that plaintiff is incapable of performing substantial gainful activity. That argument has merit.

The ALJ specifically found that plaintiff "should avoid competitive work environments. He requires a low stress, non-competitive work environment." (AT 19.) As the Commissioner concedes, "competitive" is a term of art in the agency's regulations and rulings, which distinguish competitive work from work performed in structured or sheltered settings. See Social Security Ruling ("SSR") 96-8p, at *6 (setting forth "[w]ork-related mental activities generally required by competitive, remunerative work"); 20 C.F.R. § 416.973 (work done under special conditions may not constitute substantial gainful activity). On appeal, the Commissioner urges the court to construe the term "competitive" as used here by the ALJ to simply mean high stress, high production work. However, such a reinterpretation of the ALJ's decision by this court on appeal is inappropriate for several reasons. First, because the term "competitive" is a term of art in the

---

physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

agency's own regulations and rulings, the court generally presumes that an ALJ uses that term with the administrative definition in mind. Second, reading the term "competitive" as used by the ALJ to simply mean high stress, high production work would appear to render the ALJ's other limitation to low stress work to be unnecessary surplusage. Third, and most troublingly, the vocational expert at the hearing essentially alerted the ALJ to the problem with a limitation to non-competitive work, as used in the regulatory sense, by emphasizing that every job in the open economy has production expectations, and then proceeded to provide representative examples of low stress work. (AT 46-47.) Nevertheless, the ALJ still elected to include a limitation to non-competitive work in the subsequent written decision.

To be sure, the Commissioner's counsel may be right that the ALJ did not subjectively intend to use the term "competitive" in the traditional sense. For that reason, the court declines to remand the action for payment of benefits, as plaintiff requests. However, given the ALJ's choice of that regulatory term of art, the court cannot now gloss over that finding as mere sloppy drafting or harmless error. See Magnuson v. Berryhill, 2017 WL 4959527, at *4 (E.D. Cal. Nov. 1, 2017) (remanding for further administrative proceedings in part to clarify limitation to non-competitive work).

Therefore, the action is remanded for the limited purpose of clarifying the ALJ's assessment of plaintiff's RFC. If necessary, the ALJ shall also obtain supplemental vocational expert testimony. Importantly, this order does not otherwise mandate a supplemental hearing or further proceedings, although the ALJ remains free, in his or her discretion, to further develop the record as deemed appropriate.

////
////
////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is DENIED.
3. The final decision of the Commissioner is REVERSED and the action is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

Dated: July 5, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE